

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*          *Federal Building and Courthouse*
*Facsimile:      (413) 785-0394*           *1550 Main Street, Room 310*
                                           *Springfield, Massachusetts 01103*

January 25, 2006

Attorney Perman Glenn
1163 Main Street
Springfield, MA 01103

    Re:  United States v. Miguel Lozada
          Criminal No. 05-cr-30050

Dear Attorney Glenn:

    Please consider the following a response to your letter dated December 7, 2005.

1. <u>Consensual Recordings</u>

    The government provided the consensual recordings concerning the Defendant to you during automatic discovery. Your statement that you returned the DVD recording is inaccurate. As we discussed on or about December 10, 2005, you never returned the DVD to FBI Special Agent Karangekis. You retained possession of the DVD and you still have it in your possession.

2. <u>Information Pertaining to the Government's Confidential Informant</u>

    a. <u>Case Agent Name</u>

        FBI Special Agent Mark Karangekis was the case agent charged with supervising the cooperating witness.

    b. <u>Frequency of Meetings Between FBI and Rios</u>

        SA Karangekis and Rios met regularly - sometimes every day, usually two to four times per week - from September 2004 through June 2005.

Page 2

    c.    <u>FBI Payments to Rios</u>

The government has provided detailed information concerning payments made to Rios.

    d.    <u>Financial Assistance to Rios's Family</u>

The FBI did not provide either financial assistance or benefits to members of Rios's family.

    e.    <u>FBI Suitability Report</u>

The government respectfully declines to provide the internal reports of the FBI. These documents are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2). Similarly, the Local Rules do not contain any provision that deems these internal documents per se discoverable.

    f.    <u>Information Concerning Requests for Payment by Rios or His Family</u> - This request is beyond scope of the government's discovery obligations. <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). The government respectfully declines to seek this information.

    g.    <u>Payments Made to Rios</u>

The government has provided detailed information concerning payments made to Rios.

    h.    <u>Any Offenses Committed by Rios</u>

This request is overly broad and beyond the government's discovery obligations. The government will provide all promises reward, and inducements as well as impeachment materials as set forth in Fed.R.Crim.P. 16 and the Local Rules 116 and 117.

    i.    <u>Rios's Personal Information</u>

This request is inappropriate at best. The government declines to provide the personal identifying information with respect to Rios or his family members. There is no reason the Defendant needs to know the names and ages of Rios's children. The government has

Page 3

        provided a criminal record for Rios.

j. <u>Rios's Status within the Latin Kings</u>

The FBI believed Rios to be posing as a high ranking member of the Latin King's Western Massach8usetts Chapter. The FBI does not possess any Latin King literature in which Rios is identified as having a leadership role.

k. <u>Manner of Rios's Introduction to the FBI</u>

The information sought here is neither relevant nor material to the Defendant's case.

l. <u>Cellular Telephone Information</u>

The government respectfully declines to provide the cellular telephone number for Julian Rios. I have provided Rios's cellular telephone bill, including the provider information, for the periods during which he was an informant.

m. <u>Information Pertaining to the Latin Kings</u>

This request is overly broad, and the government can not comply with a request for "any information pertaining to the Latin Kings." The government will provide the information that is relevant and material to the Defendant's case.

n. <u>FBI Logs</u>

The government respectfully declines to provide the internal reports of the FBI. These documents are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2). Similarly, the Local Rules do not contain any provision that deems these internal documents per se discoverable.

o. <u>Proffer Agreements</u>

The government did not enter to any proffer agreements with Julian Rios.

3.
   a. <u>Request for Lozada's Criminal Record</u>

Page 4

        Enclosed please find a second copy of the Defendant's criminal record

  b.  <u>Length of Time Rios Knew the Defendant</u>

       Rios claims to have known Lozada for less than one year before he purchased the firearms from him.

  c.  <u>Identity of Individual who brought the Defendant to the Attention of the FBI</u>

       Rios brought the Defendant to the FBI's attention.

  d.  <u>Defendant's Relationship to the Latin Kings</u>

       The Defendant was recruited into the Latin Kings by Joseph Caravalo, aka King Italy. The Defendant was blessed into the Latin Kings by King TC. This occurred while the Defendant was incarcerated at the Hampden County Jail. The Defendant was not required to commit any criminal acts as part of his initiation into the Latin Kings because the Defendant's father was a member of the Latin Kings. The FBI did not believe that the Defendant held any leadership position within the Latin King organization.

  e.  <u>Payment for Role in Defendant's Arrest</u>

       The cooperating witness was not paid specifically for his role in the case against the Defendant Lozada.

  f.  <u>Length of Time Rios Knew the Defendant</u>
       The FBI believes that Rios knew Lozada for less than one year before he purchased the firearms from him.

  g.  This request is duplicative. See above response.

4.  <u>All monitoring logs, synopsis reports (if applicable), and ten-day periodic reports</u>

    This request appears to concern wiretap information. As I informed you in the government's automatic discovery letter, there were no electronic intercepts other than the consensually recorded conversations described in the government's automatic discovery letter and DVD recording of the same.

5.  <u>Code Words</u>

Page 5

    The government will provide a list of code words and phrases, concerning the firearm transactions between the cooperating witness and the Defendant, at least one month prior to trial.

6. <u>List of Pertinent Calls</u>

    This request appears to concern wiretap information. As I informed you in the government's automatic discovery letter, there were no electronic intercepts other than the consensually recorded conversations described in the government's automatic discovery letter and DVD recording of the same

7. <u>Breakdown of Telephone Calls</u>

    This request is not applicable to the Defendant's case. The government has provided the consensually recordings of the Defendant.

8. <u>Inventory Orders</u>

    This request is not applicable to this case.

9. <u>Sealed Orders</u>

    There were no sealed orders pursuant to 18 U.S.C. 2518(8)(a) in the Defendant's case.

10. <u>Request for Agency Reports</u>

    The government respectfully declines to provide the internal reports of the FBI. These documents are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2). Similarly, the Local Rules do not contain any provision that deems these internal documents per se discoverable.

11. <u>Trap and Trace Orders</u>

    There were no Trap and Trace orders in the Defendant's case.

12. <u>Search Warrant Affidavits</u>

    Please see the Government's automatic discovery letter mailed to you on July 1, 2005. There were no search warrants obtained in the Defendant's case.

Page 6

13. <u>Date, Time, Place for Every Surviellience, etc.</u>

   The government declines to comply with your overly broad request for non-discoverable information.

14. <u>Identification of the Defendant</u>

   Please review the government's automatic discovery letter mailed to you on July 1, 2005. "In October 2004, the cooperating witness whose identity is disclosed in this document identified the Defendant by his nickname "King Demon" as an individual who had firearms in his possession. The FBI obtained a photograph of the Defendant, and displayed this photograph to the cooperating witness. The Defendant indicated that the person represented in the photograph was "King Demon." The FBI task force agents identified the Defendant during surveillance on the transaction date, May 30, 2005, and also through their inspection of the video and audio tapes made of the May 30th transaction. The photograph of the Defendant is enclosed."

15. <u>Expert Witness Information</u>

   The government will provide expert witness information at least one month prior to trial.

                                        Very truly yours,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                    By: /s/ Paul Hart Smyth
                                        _____
                                        Paul Hart Smyth
                                        Assistant U.S. Attorney