UNITED STATES OF AMERICA
                    DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
        v.                  )
                            )    Cr. No. 05-cr-30050
MIGUEL LOZADA,              )
        Defendant.          )


GOVERNMENT'S RESPONSE TO THE DEFENDANT'S REQUEST FOR INFORMANT
                    INFORMATION (Dkt. # 25)

   The government respectfully responds to the defendant's motion as follows:

1.  The defendant makes no request in paragraph 1 of his motion.

2.  <u>Case Agent Name</u>

    FBI Special Agent Mark Karangekis was the case agent charged with supervising the cooperating witness.

3.  <u>Frequency of Meetings Between FBI and Rios</u>

    SA Karangekis and Rios met regularly - sometimes every day, usually two to four times per week - from September 2004 through June 2005.

4.  <u>FBI Payments to Rios</u>

    The government has provided detailed information concerning payments made to Rios. The government will continue to update the defendant with the amount of money paid to Rios in this case.

5.  <u>Financial Assistance to Rios's Family</u>

    The FBI did not provide either financial assistance or benefits to members of Rios's family.

6.  <u>FBI Suitability Report</u>

    The government respectfully declines to provide the internal reports of the FBI. These documents are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2).

>     Similarly, the Local Rules do not contain any provision that deems these internal documents per se discoverable.

7. <u>Information Concerning Requests for Payment</u>

    This request is beyond scope of the government's discovery obligations. <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). The government respectfully declines to seek this information.

8. <u>Payments Made to Rios</u>

    The government has provided detailed information concerning payments made to Rios including the dates the payments were accepted.

9. <u>Any Offenses Committed by Rios</u>

    This request for "any offenses alleged to have been committed by Julian Rios" is overly broad and beyond the government's discovery obligations. The government will provide all promises reward, and inducements as well as impeachment materials as set forth in Fed.R.Crim.P. 16 and the Local Rules 116 and 117.

10. <u>Rios's Personal Information</u>

    This request is inappropriate at best. The government declines to provide the personal identifying information with respect to Rios or his family members. There is no reason the Defendant needs to know the names and ages of Rios's children. The government has provided a criminal record for Rios to counsel. This record contains Rios's date of birth.

11. <u>Rios's Status within the Latin Kings</u>

    The FBI believed Rios to be posing as a high ranking member of the Latin King's Western Massachusetts Chapter during his period as an informant for the FBI.

    Enclosed please find a report from the FBI in which Rios is identified as being the "State Second Supreme." The report is dated May 13, 2005, authored by Special Task Force Officer Frank Ott.

    The government does not have information that Julian Rios is presently "the second in charge of the Massachusetts division of the Latin Kings."

12. <u>Manner of Rios's Introduction to the FBI</u>

    The information sought here is neither relevant nor material to the Defendant's case.

13. <u>Cellular Telephone Information</u>

    The government respectfully declines to provide the cellular telephone number for Julian Rios. I have provided Rios's cellular telephone bill, including the provider information, for the periods during which he was an informant.

14. <u>Information Pertaining to the Latin Kings</u>

    This request is overly broad, and the government can not comply with a request for "any information pertaining to the Latin Kings." The government would consider a more specific request for relevant material. The government will provide the information that is relevant and material to the Defendant's case.

15. <u>FBI Logs</u>

    The government respectfully declines to provide the internal reports of the FBI. These documents are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2). Similarly, the Local Rules do not contain any provision that deems these internal documents per se discoverable.

16. <u>Proffer Agreements</u>

    The government did not enter to any proffer agreements with Julian Rios.

17.
    a. <u>Request for Lozada's Criminal Record</u>

    The government has provided counsel with copies of the defendant's record on at least two prior occasions. The government declines to provide another copy unless counsel, after a review of his files, can not find the document.

    b. <u>Length of Time Rios Knew the Defendant</u>

    Rios claims to have known Lozada for less than one year before he purchased the firearms from him.

    c.    <u>Identity of Individual who brought the Defendant to the Attention of the FBI</u>

        Rios brought the Defendant to the FBI's attention.

    d.    <u>Defendant's Relationship to the Latin Kings</u>

        The Defendant was recruited into the Latin Kings by Joseph Caravalo, aka King Italy. The Defendant was blessed into the Latin Kings by King TC. This occurred while the Defendant was incarcerated at the Hampden County Jail. The Defendant was not required to commit any criminal acts as part of his initiation into the Latin Kings because the Defendant's father was a member of the Latin Kings. The FBI did not believe that the Defendant held any leadership position within the Latin King organization.

    e.    <u>Payment for Role in Defendant's Arrest</u>

        The cooperating witness was not paid specifically for his role in the case against the Defendant Lozada.

    f.    <u>Length of Time Rios Knew the Defendant</u>
        The FBI believes that Rios knew Lozada for less than one year before he purchased the firearms from him.

    g.    This request is duplicative. See above response.

18.   <u>All monitoring logs, synopsis reports (if applicable), and ten-day periodic reports</u>

This request appears to concern wiretap information. As I informed you in the government's automatic discovery letter, there were no electronic intercepts other than the consensually recorded conversations described in the government's automatic discovery letter and DVD recording of the same.

19.   <u>Code Words</u>

The government will provide a list of code words and phrases, concerning the firearm transactions between the cooperating witness and the Defendant, at least one month prior to trial.

20.   <u>List of Pertinent Calls</u>

This request appears to concern wiretap information. As I informed you in the government's automatic discovery letter,

there were no electronic intercepts other than the consensually recorded conversations described in the government's automatic discovery letter and DVD recording of the same.

21. <u>Breakdown of Telephone Calls</u>

    This request is not applicable to the Defendant's case. The government has provided the consensually recordings of the Defendant.

22. <u>Inventory Orders</u>

    This request is not applicable to this case.

23. <u>Sealed Orders</u>

    There were no sealed orders pursuant to 18 U.S.C. 2518(8)(a) in the Defendant's case.

24. <u>Request for Agency Reports</u>

    The government respectfully declines to provide the internal reports of the FBI. These documents are not discoverable pursuant to Fed.R.Crim.P. 16(a)(2). Similarly, the Local Rules do not contain any provision that deems these internal documents per se discoverable.

25. <u>Trap and Trace Orders</u>

    There were no Trap and Trace orders in the Defendant's case.

26. <u>Search Warrant Affidavits</u>

    Please see the Government's automatic discovery letter mailed to you on July 1, 2005. There were no search warrants obtained in the Defendant's case.

27. <u>Date, Time, Place for Every Surveillance, etc.</u>

    The government declines to comply with your overly broad request for non-discoverable information.

28. <u>Identification of the Defendant</u>

    Please review the government's automatic discovery letter mailed to you on July 1, 2005. "In October 2004, the cooperating witness whose identity is disclosed in this document identified the Defendant by his nickname "King

Demon" as an individual who had firearms in his possession. The FBI obtained a photograph of the Defendant, and displayed this photograph to the cooperating witness. The Defendant indicated that the person represented in the photograph was "King Demon." The FBI task force agents identified the Defendant during surveillance on the transaction date, May 30, 2005, and also through their inspection of the video and audio tapes made of the May 30th transaction. The photograph of the Defendant is enclosed."

On June 2, 2005, the defendant's photograph was included in an array of approximately 24 photographs shown to the cooperating witness Rios. Rios was not asked to identify the defendant from this array.

29. Expert Witness Information

    The government will provide expert witness information at least one month prior to trial.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                                    /s/ Paul Hart Smyth
                            By:    _____
                                    PAUL H. SMYTH
                                    Assistant U.S. Attorney

Date: April 19, 2006